SUPREME COURT.　Kings General Term, January, 1857.　*S. B. Strong,*
*Birdseye* and *Emott,* Justices.

## THE PEOPLE *v.* JAMES B. CARYL.

On the trial of an indictment for an assault and battery, it appeared that the
defendant was a conductor on a railroad, and that the act complained of was
committed in forcibly ejecting a passenger from a car, before he had reached
the station for which he had purchased his ticket, one ground of defence being
that the passenger had conducted himself in a violent and disorderly manner,
so as seriously to disquiet the other passengers, held that it was competent for
the defendant to prove the passenger guilty of such misconduct during any
part of his entire passage, it being a short one, and that it was erroneous to
restrict the evidence to the last three miles of the passage.

It is erroneous to charge that a conductor on a railroad has no authority to
eject a passenger from the car for misconduct, except when it is such as to
disturb the peace and safety of the other passengers. Grossly profane or
indecent language may be a sufficient ground for expulsion.

It is not competent on such a trial to give evidence, on the part of the prose-
cution, of the general temperance and sobriety of the passenger ejected. His
conduct on the passage is alone in question.

Where, on the trial of such an indictment, it was one of the grounds of
defence that the passenger improperly refused to surrender his ticket, when
requested by the conductor to do so, it was held to be proper for the defen-
dant to prove what was the regulation and custom of the company, as to the
place of collecting tickets for the station to which the passenger was going.

When the regulation of a railroad company, as to the place of collecting
tickets from the passengers on a railroad, is a reasonable one, and a passen-
ger refuses to comply with it, it is the right of the conductor to require the
passenger to leave the cars, and, if he refuses to go, he may be ejected without
unnecessary violence.

CERTIORARI to the Court of Sessions of Westchester
County.

The defendant was indicted for an assault and battery,
alleged to have been committed on one Thomas Elliott, and
pleaded not guilty. The indictment was tried at the West-
chester sessions, where the defendant was convicted.

On the trial, Thomas Elliott was called as a witness, and
proved that he took passage on the New-York and Harlem
railroad at the city of New-York for Tuckahoe, Westchester
county, and purchased a ticket for that place; and that he
was violently ejected from the cars at Hunt's Bridge, before

The People *v.* Caryl.

reaching Tuckahoe, and nearly four miles distant therefrom; that just after leaving Williams' Bridge, a station three miles from Hunt's Bridge, the conductor called on Elliott for his ticket, which he refused to surrender up to him.

The defendant's counsel offered to show that Elliott's conduct throughout the whole trip was noisy, disgraceful and disorderly, and such as to annoy the passengers in the cars and to interfere with their repose and comfort. This testimony was objected to by the district attorney, and excluded by the court so far as it tended to show disorderly conduct before the arrival at Williams' Bridge, on the ground that conduct below that point could furnish no pretence to defendant to put Elliott out of the cars at Hunt's Bridge; to this decision the defendant excepted.

James Dusenbury, a witness for the prosecution, was asked by the district attorney to state what was Elliott's general character for sobriety. This was objected to by the defendant's counsel; but the objection was overruled, and an exception taken. The witness then testified that Elliott was a sober, quiet and inoffensive man.

The defendant offered to prove that the regulation and custom of the New-York and Harlem railroad had always been for the conductors to collect tickets, for all stations up to Tuckahoe, immediately after leaving Williams' Bridge. This was objected to by the district attorney, who claimed that such usage, if it existed, did not affect the complainant, nor deprive passengers, who insist on their legal right to a ticket, from retaining it until they reach the station next before leaving the cars. The court sustained the objection and excluded the evidence, and the defendant excepted.

The court, among other things, charged the jury that a conductor on a railroad had no authority to eject a passenger from the car for misconduct, except when the conduct of the passenger was such as to disturb the peace and safety of the other passengers in the cars, to which the defendant also excepted.

The defendant made a bill of exceptions on which the writ of *certiorari* was issued.

*Robert Cochran*, for the defendant,

Cited 6 *Cowen*, 670; 1 *Starkie on Evidence*, 186; 5 *Cowen*, 320; *Angell on Carriers*, §§ 525, 530, *b.; Jenks* v. *Coleman*, (2 *Sumn.*, 22); *Commonwealth* v. *Power* (7 *Metc.*, 601); 1 *American Railroad Cases*, 389; *Statutes of* 1850 (*ch.* 140, § 35); *Willets* v. *The Buffalo and Niagara Railroad Company* (14 *Barb.*, 585).

*Edward Wells* (District Attorney), for the people,

Cited *Hollister* v. *Nowlen* (9 *Wend.*, 237); *Cole* v. *Goodwin* (*id.*, 254); *Roscoe's Criminal Evidence*, 96 (*ed. of* 1846); *General Railroad Act* (§ 34); *Wharton's Criminal Law* (311, 312).

*By the Court*, S. B. STRONG, P. J. — Whatever may be our opinion, from the evidence, as to the guilt or innocence of the defendant, we are bound to award him a new trial, if improper evidence was admitted against him, or competent evidence offered by him was rejected, or the court incorrectly ruled any question of law against him, at any rate in a matter material to his defence.

The defendant based his defence for forcibly ejecting the witness Elliott from the car upon two allegations: First. That he had conducted himself during the passage, and up to the time of his removal, in a violent and disorderly manner, so as to seriously disquiet the other passengers; and, Secondly. That he improperly refused to surrender his ticket when reasonably requested to do so.

As to the first ground of defence, the defendant's counsel offered to show that Elliott's conduct, throughout the whole trip, was noisy, disgraceful and disorderly, and such as to annoy the passengers in the cars and to interfere with their repose and comfort. The court refused to receive evidence

of such misconduct antecedently to the arrival at Williams'
Bridge, distant about three miles from Hunt's Station,
where Elliott was ejected.	Why this place was assumed
as the limit does not appear.	At any rate, it was impro-
perly adopted.	It was competent for the defendant to give
evidence of misconduct during the entire passage, as it was
a short one, if it was apparent that the disposition and feel-
ing which prompted it continued and influenced Ellott's
conduct up to the time of his removal.	A slight ebullition
of passion, or a trivial irregularity at the moment, might not
have justified the expulsion.	But if it was indicative of a
continuance of previously outrageous conduct, justice to the
other passengers, as well as to the railroad company, might
have called for such a remedial measure.

The charge of the court, upon this point, was also too
strong.	It was that the conductor has no authority to eject
a passenger from the car for misconduct, except when it
is such as to disturb the peace and safety of the other pas-
sengers.	According to this, a passenger cannot be removed
for profane or indecent language, however gross it may be,
or however it may offend the delicacy or sense of propriety
of the other, and especially female, passengers.	That is
not reasonable, nor can it be law.

The court improperly rejected evidence to prove that the
regulation and custom of the company had always been for
the conductor to collect tickets, for all stations up to Tucka-
hoe (which was to be the terminus of Elliott's passage),
immediately after leaving Williams' Bridge.	That would
have shown that the defendant was not influenced by any
hostile motives when the ticket was demanded, and would,
unless undue violence has been used, have justified his con-
duct, if the regulation had been a reasonable one; and
whether it was or not would have been a proper question
for the consideration of the jury.

If the regulation for the collection of the tickets is a rea-
sonable one, and essential for the interests of the company,

and a passenger refuses to comply with it, he may, I think, be required to leave the car, and, if he refuses to go, be ejected without unnecessary violence. He has no right to a seat in the cars, while refusing a compliance with a reasonable regulation of the proprietors. The charge of the court to the contrary was, I think, erroneous.

It was wrong, too, for the court to receive evidence of the general temperance and sobriety of the witness. His conduct on the passage in question was alone in issue.

The conviction should be set aside and a new trial granted.

---

SUPREME COURT. Broome General Term, January, 1857. Before *Gray*, *Mason* and *Balcom*, Justices.